IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PRECISION IBC, INC., )
)
   Plaintiff, )
)
v. ) CIVIL ACTION NO. 10-0682-CG-B
)
PCM CAPITAL, LLC., et al., )
)
   Defendants )

# ORDER

This matter is before the court on the magistrate's order of June 6, 2001 (Doc. 130), defendants' objection to and motion to amend the magistrate's order of June 6, 2011 (Doc. 145), and plaintiff's response in opposition to defendants' motion (Doc. 162). For reasons which will be explained below, the court finds that the magistrate's order should be reversed in part and that plaintiff's motion for protective order and to quash non-party subpoenas (Doc. 98) should be denied.

# BACKGROUND

Plaintiff's complaint asserts a claim for violation of 43(a) of the Lanham Act, 15 U.S.C. 1125(a) and for libel. (Doc. 1). Plaintiff and defendants operate competing businesses that sell and lease intermediate bulk containers ("IBCs") designed to store and transport hazardous, sensitive, and degradable materials. A portion of plaintiff's inventory of 350 gallon stainless steel tanks were manufactured in China. Plaintiff

alleges that defendants posted on their website and included in advertising materials several statements that tanks imported from China are "lower quality" and have "serious quality issues" and advises customers that they should "stay away from" and not "take the chance" with Chinese IBCs and that the "risks borne of using such units far outweigh the apparent savings." Plaintiff contends that the statements are false and intended to mislead IBC consumers about the nature, characteristics, and quality of plaintiff's tanks, which were imported from China.

Defendants object to a portion of the magistrate's order dated June 6, 2011. (Doc. 130). In that order, upon plaintiff's motion for protective order and to quash non-party subpoenas (Doc. 98), the magistrate found that portions of the subpoenas should be quashed because they sought information that was not relied upon by defendants when they made the advertising claims in question. (Doc. 130, pp. 8-9). As a result, the magistrate held that categories one through seven of the subpoenas should be deleted and that defendants could not retain any documents that had already been provided in response to categories one through seven. (Doc. 130, p. 9). Defendants object to these findings and request the court to overrule the magistrate's partial grant of plaintiff's motion for protective order and to quash non-party subpoenas. (Doc. 145).

**LEGAL STANDARD**

Upon a party's objection to any non-dispositive matter assigned to the magistrate judge, the district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  FED.R.CIV.P. 72(a); Accord, San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp., 783 F.Supp. 1334, 1335 (S.D.Ala. 1992); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  This standard is considered a "very difficult one to meet." Thornton v. Mercantile Stores, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (citing Tai-Pan Inc. v. Keith Marine, Inc., 1997 WL 714898, *11 (M.D. Fla. 1997)).  The magistrate judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed.'" Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460 (M.D.Ala. 2001)(citations omitted).

## DISCUSSION

Defendants contend that the magistrate's order should be reversed because the majority rule is that to prevail on its Lanham Act claim, the plaintiff must prove falsity, not just a lack of pre-existing substantiation.  Defendants cite 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 2761 (4th Ed.) which includes the following statements:

3

> The issue has arisen as to whether an advertising claim of equivalence or superiority, without pre-existing data in support of its truthfulness is necessarily "false" under § 43(a). While one court held that it is, the majority rule is that plaintiff must prove falsity, not just a lack of pre-existing substantiation. The burden is on plaintiff to prove that the challenged ad is false or misleading, not merely that pre-advertising clinical or market tests in support of each advertising claim were improperly conducted. The advertising claims may be true even though the testing basis for the claims may not support them.

Ibid. (footnotes omitted). Defendants also point out numerous cases from around the country that have held that a plaintiff must prove that a defendant's advertising claim is actually false or misleading, not merely that it is unsubstantiated. See, e.g., United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1182 (8th Cir. 1998) ("When challenging a claim of superiority that does not make express reference to testing, a plaintiff must prove that the defendant's claim of superiority is actually false, not simply unproven or unsubstantiated."); Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 19 F.3d 125, 129 (3d Cir. 1994) ("A plaintiff must prove that the claim is false or misleading, not merely that it is unsubstantiated."); Procter & Gamble Co. v. Chesebrough-Pond's Inc., 747 F.2d 114, 119 (2d Cir. 1984) ("each plaintiff bears the burden of showing that the challenged advertisement is false and misleading . . . not merely that it is unsubstantiated by acceptable tests or other proof"); U-Haul Int'l, Inc. v. Jartran, Inc., 522 F. Supp. 1238, 1248 (D. Ariz. 1981) aff'd, 681 F.2d 1159 (9th Cir. 1982) ("Jartran did not have to prove the truth of its asserted product claims; the burden in this regard rested on U-Haul, and it could not sustain its burden of persuasion by its

repeated assertions (and proof) that Jartran had done little, if any, testing of Jartran trucks or trailers, and no comparative testing of U-Haul products."); P&G. Co. v. Kimberly-Clark Corp., 569 F. Supp. 2d 796, 803 (E.D. Wis. 2008) ("What these distinctions mean is that when the existence or results of tests are not incorporated into the advertisement, as here, a plaintiff may not meet its burden of showing falsity merely by leveling attacks at any tests that might happen to exist; such attacks are simply not affirmative evidence of falsity. It is one thing to say 'that is false,' but another thing altogether to say 'you have no proof.' In the Lanham Act context, the latter is not enough."); Energy Four, Inc. v. Dornier Medical Systems, Inc., 765 F. Supp. 724, 732 (N.D. Ga. 1991) ("To succeed on the merits it is not enough to show that the representation is facially ambiguous or unsubstantiated -- a plaintiff must show that the representations are (1) false or (2) mislead by tending to create confusion.") (emphasis added); Toro Co. v. Textron, Inc., 499 F. Supp. 241, 253 (D. Del. 1980) ("The plain language of Section 43(a), which prohibits false rather than unsubstantiated representations, requires that a plaintiff establish not merely that the defendant's claim lacks substantiation but also that it is false or deceptive.")

Plaintiff, on the other hand, contends that defendants cannot salvage wholly unsubstantiated statements with arguments cobbled together after the statements were made. In support of this contention, plaintiff cites a Third Circuit case and three district court cases (two of which are from the Third Circuit) that have found that advertising claims that lack any evidentiary support are per se false and that in such

cases the plaintiff is not required to prove falsity.  See e.g. Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 590 (3d Cir. 2002); Alpo Petfoods, Inc v. Ralston Purina Co., 720 F.Supp. 194, 205-206 & n.12 (D.D.C. 1989); W.L. Gore & Assoc., Inc., v. Totes, Inc., 788 Supp. 800, 812 (D. Del. 1992); Pharmacia Corp. v. GlasxoSmithKline Consumer Healthcare, LP, 292 F.Supp. 2d 594, 607 (D.N.J. 2003).  These cases clearly do not counter defendants' contention that the majority of cases hold that the plaintiff must prove that the advertising claim is false.  In fact plaintiff agrees that where the advertisement claim merely asserts superiority the majority rule is that the plaintiff must prove that the ad is false.  However, plaintiff contends that the claims in this case are different because they go beyond touting superiority.  However, the case law does not appear to support such a distinction.  Courts discussing whether an advertising claim is a statement of fact or merely an opinion often refer to whether the statement implies a basis for the statement or suggests that the product has been tested.  This court previously found that advertising statements that a competitor's product is risky or poses a safety hazard are more than subjective statements of superiority and, thus, are not merely opinions.[1]  However, such advertising statements still claim superiority and are

---

[1] This court found in a previous order that plaintiff had established a likelihood of success on the merits under its Lanham claim because of the following: Defendants are correct that "[s]tatements of opinion are generally not actionable." Osmose, Inc. v. Viance, LLC  612 F.3d 1298, 1311 (11th Cir. 2010) (citing Pizza Hut, Inc. v. Papa John's Int'l, Inc., 227 F.3d 489, 496 (5th Cir. 2000) ("Bald assertions of superiority or general statements of opinion cannot form the basis of Lanham Act

brought under § 43(a) of the Lanham Act. In determining whether a plaintiff must provide evidence of falsity, the courts have not distinguished between advertisements that tout superiority and those that attack the safety or risk of a competitor's product.

Additionally, the court notes that the Third Circuit case cited by plaintiff found the advertisement claim in that case was per se false because the defendant "[did] not argue or present any evidence to show" that its claim was true. Novartis, 290 F.3d at 590. As the GlasxoSmithKline case repeated: "[i]n this rare instance, where the defendant has made "a completely unsubstantiated advertising claim," the court may find the claim to be false even "without additional evidence from the plaintiff to that effect." GlasxoSmithKline, 292 F.Supp 2d at 607-608 (quoting Novartis). The Novartis

---

liability.")). However "[r]epresentations that the use of a particular product 'poses a considerable safety hazard' because of a risk of failure or that structures . . . might be at risk . . . arguably are reasonably interpreted as more than subjective statements regarding the efficacy or superiority of a product." Id. "Instead, they can be viewed as expressing an objective risk of serious consequences that fairly implies a basis for that statement." Id. (citation omitted). Advertisements that suggest that customers compare their product with another company's product have been held by courts to be more than puffery, they suggest that a product's performance has in fact been tested and verified. See Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 34 (1st Cir. 2000) (finding advertisement inviting consumers "Compare with your detergent ... Whiter is not possible" actionable as false advertising under Lanham Act); Castrol Inc. v. Pennzoil Co., 987 F.2d at 941, 946 (finding statements that Pennzoil's motor oil provides "longer engine life and better engine protection" were not general claims of superiority or mere puffery, but instead were "specific and measurable by comparative research.") Axcan Scandipharm Inc. v. Ethex Corp., 585 F.Supp.2d 1067, 1082-1083 (D.Minn. 2007) (finding "compare to" language suggests that a product's performance has in fact been tested and verified). Defendants have been unable to provide any facts or data to support their claim that the Chinese tanks have "serious quality issues" or that using them is chancy or risky. The Chinese tanks are UN/DOT compliant, just like the American tanks, and defendants have produced no evidence that they are not fit for their intended purposes. There is no evidence that the Chinese tanks have had any safety or quality issues that would make them risky for customers to use.
(Doc. 126, pp. 4-5).

7

court did not refuse to entertain evidence of truthfulness, but merely found that in the absence of evidence by the defendant of truthfulness, the lack of substantiation was sufficient for the court to conclude that the advertisement was false. In other words, since the defendant had no evidence of truthfulness, the plaintiff did not have to submit additional evidence to prove falsity.

After reviewing the above case law, the court is not persuaded that evidence tending to show that the advertising claims at issue were true when made is irrelevant. The majority of courts have allowed defendants to attempt to substantiate their advertising claims by demonstrating that the statements were true when made. If defendants present evidence of truthfulness, then plaintiff cannot prevail on its Lanham Act claim merely by demonstrating that defendants did not have in their possession studies or firm data that conclusively proved the truth of the statements prior to making them. As such, the court finds that defendants are entitled to seek evidence from third parties concerning the truthfulness of the statements and the court finds that the magistrates finding that defendants were not entitled to seek evidence of truthfulness from third parties was contrary to law. The court makes no comment as to the efficacy or weight of any evidence presented thus far, but merely finds that defendants are entitled to seek evidence of truthfulness. Accordingly, the court finds that plaintiff's motion for protective order and to quash non-party subpoenas (Doc. 98) should be denied.

## CONCLUSION

For the reasons stated above, the magistrate judge's order dated June 6, 2011 (Doc. 130) is hereby **REVERSED in part** and **AMENDED** to the extent that plaintiff's motion for protective order and to quash non-party subpoenas (Doc. 98) is **DENIED**.

**DONE** and **ORDERED** this 12th day of July, 2011 .

                                            /s/ Callie V. S. Granade
                                      UNITED STATES DISTRICT JUDGE