UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION IBC, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  Case No. CV:1:10-CV-00682-CG-B |
| | * |
| | * |
| PCM CAPITAL, LLC, et al., | * |
| | * |
| Defendants. | * |

## CONSENT ORDER OF PERMANENT INJUNCTION
## AND JUDGMENT RELATED TO
## TOTE SYSTEMS INTERNATIONAL, LP

Based on the agreement of Precision IBC, Inc. and Tote Systems International, LP, the Court enters the following Order.

1. On June 8, 2011, Plaintiff Precision IBC, Inc. ("Precision") filed its Second Amended Complaint in this matter which, among other things, added Tote Systems International, LP ("Tote International") as a defendant. As it concerns Tote International, the Second Amended Complaint alleges that Tote International approved false and misleading advertising materials concerning the safety and quality of Precision's CIMC intermediate bulk containers ("IBCs" or "tanks") in violation of the Lanham Act and Alabama law. The Second Amended Complaint alleges that the materials at issue were prepared, in part, by defendant PCM Capital, LLC, a licensee of the Tote name, and approved by Tote International.

2. Tote International is aware of no evidence to support a claim or to otherwise suggest in any manner that IBCs marketed by Precision (including Precision's CIMC tanks, which are manufactured in China) are risky, chancy, untrustworthy, or that any such IBCs have quality or safety issues or that they are ineffective for their intended use.

3. Accordingly, by agreement of Precision and Tote International, IT IS HEREBY ORDERED that Tote International, its officers, agents, servants, and employees are permanently enjoined from:

    (a) making false or misleading representations or distributing false or misleading advertising and/or false or misleading promotional materials, or otherwise engaging in false or misleading communications that concern the construction, quality, efficacy, fitness, and/or safety of Precision's IBCs (to include the Chinese-made CIMC tanks) or that state or suggest that such IBCs are risky, chancy, untrustworthy, or not fit for their intended purpose;

    (b) affirmatively stating or otherwise communicating that tanks marketed by Precision (including Precision's Chinese-made CIMC tanks), as currently designed and constructed, do not meet standards required by law, are defective, are not suitable for their intended purpose, or that there are risks associated with the use of such tanks.

4. Tote International is also enjoined from knowingly allowing a licensee or other permitted user of the Tote name to engage in false or misleading advertising or commercial communication that is prohibited in Paragraph 3. If Tote International receives actual notice that a licensee or other permitted user of the Tote name has engaged in advertising or commercial communication that is prohibited in Paragraph 3, it will make a demand to the licensee or other permitted

user of the Tote name to cease such false or misleading advertising or commercial communication.

5. Tote International understands and agrees that violation of this Order may result in Tote International being held in contempt of Court and may entitle Precision to recover damages resulting from such violation, as well as costs and fees, as permitted by law.

6. By approving this Order, Tote International does not admit the allegations of Precision or otherwise admit any liability or wrongdoing.

7. This Permanent Injunction is a Final Judgment resolving all claims and requests for relief asserted in this litigation against Tote International. Any and all costs and fees incurred by Precision or Tote International in this matter (as such relate to the claims against Tote International) shall be taxed against the party incurring them.[1]

**DONE and ORDERED** this 4th day of August, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Precision is seeking, and does not waive the right to seek, fees and costs from the remaining defendants.