**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PRECISION IBC, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 10-0682-CG-B** |
| | ) | |
| **PCM CAPITAL, LLC., et al.,** | ) | |
| | ) | |
| **Defendants** | | |

**ORDER**

This matter is before the court on defendants' statement of appeal of the Magistrate Judge's order of December 20, 2011 (Docs. 236, 237), plaintiff's opposition thereto (Doc. 246), defendants' appeal of the Magistrate Judge's order of December 23, 2011 (Doc. 241, 242), plaintiff's opposition thereto (Doc. 248), plaintiff's appeal of the Magistrate Judge's order of December 20, 2011 (Docs. 244, 245), defendants' opposition thereto (Doc. 252), and plaintiff's reply (Doc. 266).   For the reasons explained below, the court finds that the Magistrate Judge's Orders of December 20, 2011 (Doc. 221) and December 23, 2011 (Doc. 232) should be affirmed.

**BACKGROUND**

On December 20, 2011, the Magistrate Judge entered an order granting in part and denying in part defendants' motion to compel Precision to respond to certain discovery requests. (Doc. 221)  In the December 20, 2011 order, Precision was ordered to provide information about Precision's IBC fleet (including non-CIMC tanks), information about Precision's customers, and information about Precision's finances.

However, the Magistrate Judge denied defendants' request for Precision's tax returns. (Doc. 221, p. 7). Precision's appeal of that order asserts that because it has narrowed the scope of its case and only seeks injunctive relief, disgorgement of defendant's ill-gotten profits, the costs of corrective measure, and attorneys' fees, the above listed information is not relevant. Defendants also appeal a portion of the December 20, 2011 order (Doc. 221), asserting that to the extent Precision is entitled to Defendants' tax returns, Defendants should also be entitled to Plaintiff's tax returns and that it should not be compelled to produce documents PCM00456 and PCM00408 in non-redacted form because the information is not relevant.

On December 23, 2011, the Magistrate Judge entered an order granting Precision's motion to compel plaintiff to fully respond to discovery requests numbers 6-10. (Doc. 232). Defendants appeal the order with regard to requests 9-10 on the basis that the requests are overly broad and concern financial information that is not related to the damages sought in this case.

## DISCUSSION

### I. Standard of Review

Upon a party's objection to any non-dispositive matter assigned to the Magistrate Judge, the district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a) (West 2002); Accord, San Shiah Enterprise Co.,

Ltd. v. Pride Shipping Corp., 783 F.Supp. 1334, 1335 (S.D. Ala. 1992); see also 28
U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under
this subparagraph (A) where it has been shown that the magistrate judge's order is
clearly erroneous or contrary to law."). This standard is considered a "very difficult
one to meet." Thornton v. Mercantile Stores, 180 F.R.D. 437, 439 (M.D. Ala. 1998)
(citing Tai-Pan Inc. v. Keith Marine, Inc., 1997 WL 714898, *11 (M.D. Fla. 1997)). The
Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion
that leaves the reviewing court with 'the definite and firm conviction that a mistake
has been committed.'" Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460
(M.D. Ala. 2001)(citations omitted).

## II. Plaintiff's Appeal of Order dated December, 20, 2011, (Doc. 221)

Precision contends that the requested information is irrelevant because
Precision does not seek damages for its lost profits or loss of goodwill, but seeks only
injunctive relief, disgorgement of defendant's ill-gotten profits, the costs of corrective
measure, and attorneys' fees. The Magistrate Judge found that information regarding
Precision's entire IBC fleet is relevant "[b]ecause one of the key elements of a false
advertising claim is whether the alleged deception had a material effect on purchasing
decisions." (Doc. 221, p. 3). Similarly, the Magistrate Judge found that information
regarding Precision's customers and potential customers "is necessary in order to
ascertain whether the alleged false advertising had a material effect on their
purchasing decisions." (Doc. 221, p. 5). The Magistrate Judge acknowledged that

3

Precision's financial information was not relevant to the issue of damages since

Precision is not seeking to recover actual damages in this case. (Doc. 221, pp. 6-7).

However, the Magistrate Judge again found that the information is relevant "on the

issue of whether the alleged false advertising had a material effect on the purchasing

decisions of customers." (Doc. 221, p. 7).

The Magistrate Judge stated that a false advertising claim under the Lanham

Act requires the following proof:

> 1) the advertisements of the opposing party were false or misleading,
> 2) the advertisements deceived or had the capacity to deceive consumers,
> 3) the deception had a material effect on purchasing decisions,
> 4) the misrepresented product or service affects interstate commerce, and
> 5) the movant has been – or is likely to be – injured as a result of the false advertising.

(Doc. 122 p. 3) (citing Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256,

1260 (11th Cir. 2004); Graceway Pharms., LLC. v. River's Edge Pharms., LLC., 2009

WL 3148674 (N.D. Ga. Sept. 30, 2009)).  The Magistrate Judge's decision to compel the

information at issue is based entirely on prong 3, whether the deception had a

material effect on purchasing decisions.  Precision contends that in cases like this,

where the claim is brought to prevent imminent or threatened harm rather than past

harm, prong 3 more appropriately includes deception that "is likely to influence the

purchasing decision." (Doc. 245, pp. 3-4 n. 1).  Precision also asserts that because it

claims that the advertisements are literally false and misrepresented an inherent

quality or characteristic of the product, material deception is presumed.

At least one Eleventh Circuit case appears to agree with Precision. <u>Osmose, Inc.</u> <u>v. Viance, LLC</u>, 612 F.3d 1298, 1319 (11th Cir. 2010).  In <u>Osmose</u>, the Court stated the following:

> The classification of an advertisement as literally false or true but misleading affects the movant's burden with respect to the element of consumer deception. If the court deems an advertisement to be literally false, then the movant is not required to present evidence of consumer deception. <u>1–800 Contacts</u>, 299 F.3d at 1247. If, on the other hand, the court deems the advertisement to be true but misleading, then the movant is required to present evidence of deception. Id. Because the district court did not clearly err in determining the statements at issue were literally false, it correctly found that evidence of consumer deception was not required.
>
> * * * *
>
> Even if an advertisement is literally false, the plaintiff must still establish materiality. <u>Id.</u> at 1250. In order to establish materiality, the plaintiff must demonstrate that "the defendant's deception is likely to influence the purchasing decision." <u>Id.</u> (internal quotation marks omitted). A plaintiff may demonstrate this by showing that "the defendants misrepresented an inherent quality or characteristic of the product." <u>Id.</u> (internal quotation marks omitted).

<u>Osmose</u>, 612 F.3d at 1319.  However, even if Precision is not required to put on evidence of materiality to maintain its claim, that does not necessarily mean that the evidence sought is irrelevant.  As defendants argue, actual confusion is one of the most important factors for determining whether something is likely to confuse.  If the advertisements have not had a material effect on purchasing in the past, that is strong evidence that they are not likely to affect purchasing decisions in the future.  <u>Custom</u> <u>Mfg. and Engineering, Inc. v. Midway Services, Inc.</u>, 508 F.3d 641, 650 (11th Cir. 2007)

5

("We have consistently held, for example, that '[t]he type of mark and evidence of actual confusion are the most weighty of considerations.'" citation omitted).  In the Osmose case cited by Precision, the Court's determination that the Plaintiff may demonstrate materiality by showing that the misrepresentation was of an inherent quality or characteristic was in the context of a motion for preliminary injunction and the misrepresentation concerned a competitor's named product.  In the instant case, we have moved past the preliminary injunction stage and are dealing with advertisements that do not expressly identify Precision as having risky or dangerous products.  The court is not faced with determining whether Precision has sufficiently met its burden for obtaining a preliminary injunction, but whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. Defendants maintain that their advertisements do not refer to Precision and have not resulted in any injury to Precision.

Precision contends that the court must presume materiality and injury because the advertisements are literally false and concern an inherent quality of characteristic of the product.  Where a defendant's ads are literally false, for the plaintiff to succeed on a claim of false advertising, it must still "establish that 'the defendant's deception is likely to influence the purchasing decision.'" North American Medical Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1226 (11th Cir. 2008) (citations omitted).  Even if it is appropriate to apply a presumption of materiality when the misrepresentation involves an inherent quality or characteristic of the product, that presumption can still

6

be rebutted.  It is reasonable to conclude that a misrepresentation is material when it involves an inherent quality or characteristic of a product unless there is strong evidence to the contrary.  See e.g. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1146 (9th Cir. 1997) ("Plaintiffs may be entitled to a presumption of actual consumer deception and reliance, and would therefore be entitled to appropriate monetary relief unless Defendants could rebut the presumption.").

Additionally, although Precision emphasizes that it is not seeking lost profits and appears to imply that the relief sought is merely prospective relief, it is also seeking disgorgement of defendant's ill-gotten profits and the costs of corrective measures.  While discovery is not necessary to determine Precision's damages in the form of lost profits, evidence of purchasing decisions by Precision's customers is clearly relevant to the amount of ill-gotten profits defendants have received and the necessity and degree of corrective measures that are warranted.  Corrective advertising should be reparative.  If defendants can demonstrate that none of Precision's current or potential customers changed their purchasing decisions as a result of the alleged false advertising, then there is no need for corrective measures.  Likewise, defendants would then have no ill-gotten profits.  While the Magistrate Judge did not determine that the requested evidence could lead to discoverable evidence regarding damages,[1] it nonetheless may be additional support for her conclusion.

_____

[1] In fact, the Magistrate Judge stated that the information requested concerning

After considering the parties arguments and the facts of this case, the court finds that the Magistrate Judge did not abuse her discretion when she found that the information sought by defendants was reasonably calculated to lead to admissible evidence.

## III.  Defendants' Appeal of Order dated December, 20, 2011, (Doc. 221)

Defendants first contend that if Precision is entitled to defendants' tax returns then defendants should be entitled to Precision's tax returns.  However, tit-for-tat is not a valid basis for discoverable evidence.  Just because the court has found it reasonable for Precision to discover the information does not mandate that there is a reasonable basis for defendants' discovery of similar information from Precision.

Defendants assert that they have now raised nearly identical claims against Precision as Precision has asserted against defendants and; therefore, that they should be entitled to the same information.  However, defendants had not raised their counterclaims (Doc. 213) at the time defendants moved to compel the information and did not make such arguments to the Magistrate Judge.  It is not appropriate for this court to consider arguments made for the first time in an appeal of a Magistrate Judge's order on a non-dispositive motion.  Such arguments do not show that the Magistrate Judge's order was clearly erroneous or contrary to law. Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3rd Cir. 1992) ("The district court is bound by the clearly

---

Precision's financial information was not relevant to the issue of damages since Precision is not seeking to recover actual damages . (Doc. 221, pp. 6-7)

erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law."). Defendants argued to the Magistrate Judge that the tax returns were relevant to Precision's claim for lost profits, lost sales, loss of goodwill and damage to its reputation. Precision is not seeking such damages and thus, the Magistrate Judge found that defendants were not entitled to discovery of the information on that basis. Defendants have not pointed to any reason why the Magistrate's determination was clearly erroneous. Under the circumstances, appealing the Magistrate's order is not the proper avenue for defendants to attempt to obtain Precision's tax returns for use towards support of defendants' counterclaims.

Defendants also contend that the Magistrate Judge erred in requiring the defendants to produce documents PCM00456 and PCM00408 in non-redacted form. Defendants assert that the redacted portions of the documents are not relevant. However, after reviewing the redacted documents the court agrees that they appear to contain relevant information. The first document is an email from Van Finger that discusses mailings that went out, including the "Chinese one" and asks how one of the named defendants liked one of the flyers. Which flyer it is referring to is unknown as that information was redacted. The email goes on to state that "We have only sent the [redacted] and hotlist this month. Hotlist- Chinese. ..." (Doc. 237-1). Defendants assert that the email does not concern IBCs, but instead concerns another separate business venture. However, the email appears to be relevant as it discusses

9

defendants' marketing plans regarding the Chinese flyers and the customers who were

to receive the flyers.

> The second document is also an email from Van Finger and states the following:

> Don't know if Robert told you but [redacted] called form [redacted] today. Had a great call.  Interested in stainless totes now instead of the one way plastics he was using.  Really interested in [redacted]  A great opportunity here. [Redacted] was [Precision's] largest account.  Had over 1500 tanks.  We are all over him.  He saw the flyer ([redacted]) (which we do not have now)  How did that happen?  He is closer …. (30 min) from [redacted]  We gotta get this one.

(Doc. 237-2).  Defendants contend that the redacted portions do not concern Chinese

IBCs.  However, this email appears to be highly relevant as it concerns one of

Precisions largest customers and states that defendants were marketing their

products to it using one of defendants' flyers.  The information appears to be relevant

and is likely to lead to discoverable information – information regarding a customer

that may have changed his purchasing decision because of one of defendants' flyers.

Defendants have not demonstrated that the Magistrate was clearly erroneous when

she ordered defendants to produce these documents in un-redacted form.

## IV. Defendants Appeal of Order dated December 23, 2011 (Doc. 232)

Defendants appeal the Magistrate Judge's order of December 23, 2011, with

regard to requests 9-10 on the basis that the requests are overly broad and concern

financial information that is not related to the damages sought in this case.  The

Magistrate Judge ordered defendants to produce financial information, including

balance sheets, profit and loss statements, and tax returns, and to identify the parties

10

responsible for preparing their financial statements and tax returns.  Defendants contend that they should be allowed to redact portions of documents to the extent they do not relate to defendant's IBC business and assert that they should not be required to provide financial statements and tax returns until Precision is required to do the same.  Precision responds that it does not object to the redaction of financial information that is wholly unrelated to the Defendants' IBC business. (Doc. 248, p. 2).  Thus, the court will allow defendants to redact such information by agreement of the parties.

Defendants argue that they should not be required to provide financial information until Precision is required to provide such information.  As stated previously, tit-for-tat or what is good for the goose, is not a valid basis for discovery of information.  The court found, supra, that the Magistrate Judge's determination that Precision should be compelled to produce certain financial information, was not clearly erroneous.  Thus, the herein affirms the Magistrate Judge's order of December 20, 2011, and Precision will be compelled to produce its financial information to the extent the Magistrate Judge's order required production.   However, the Magistrate Judge did not find it necessary for Precision to produce its tax returns.

As explained above, defendants new contention that the tax returns are relevant to their counterclaims is not an appropriate argument, under the circumstances, in their appeal.  This argument was not raised in defendants motion to compel and was not presented to the Magistrate Judge in any way.  Accordingly, it can

11

not be the basis for finding the Magistrate's reasoning is clearly erroneous or contrary to law.  Defendants have not shown that the Magistrate's order of December 23, 2011 should be overruled.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's Orders of December 23, 2011, (Doc. 221) and December 23, 2011, (Doc. 232) are hereby **AFFIRMED.**

**DONE** and **ORDERED** this 5th day of March, 2012.

.
                          /s/   Callie V. S. Granade
                       UNITED STATES DISTRICT JUDGE